UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CARL A. WESCOTT,

        Plaintiff,

v.

JIM UPSHAW, et al.,

        Defendants.

CASE NO. 3:20-CV-5442-BHS

ORDER DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE, GRANTING PLAINTIFF LEAVE TO AMEND, AND RENOTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*

Plaintiff Carl A. Wescott, proceeding *pro se*, filed this action on May 5, 2011 alleging a breach of contract. *See* Dkt. 1-1. Plaintiff filed an Application to Proceed *In Forma Pauperis* ("IFP") on June 1, 2020. Dkt. 4. The District Court has referred Plaintiff's pending Application to Proceed IFP and Proposed Complaint to United States Magistrate Judge David W. Christel pursuant to Amended General Order 02-19.

Having reviewed and screened Plaintiff's Proposed Complaint under 28 U.S.C. § 1915(e)(2), the Court finds this Court lacks jurisdiction to hear this case. The Court dismisses

ORDER DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE, GRANTING PLAINTIFF LEAVE TO AMEND, AND RENOTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS - 1

Plaintiff's Proposed Complaint without prejudice, re-notes the pending Application to Proceed IFP, and provides Plaintiff leave to file an amended pleading by July 31, 2020, to cure the deficiencies identified herein.

## I.   Background

Plaintiff alleges Defendants Jim Upshaw, Upshaw Performance Systems, Inc., Chris Patterson, HPA Mortgage LLC, and Does 1 through 25 breached a development contract causing Plaintiff harm. Dkt. 1-1. Plaintiff alleges several other state law claims arising from Defendants' alleged conduct. *Id*.

## II.   Discussion

The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the "privilege of pleading *in forma pauperis* . . . in civil actions for damages should be allowed only in exceptional circumstances." *Wilborn v. Escalderon*, 789 F.2d 1328 (9th Cir. 1986). The Court has broad discretion in denying an application to proceed IFP. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

Notwithstanding IFP status, the Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the *sua sponte* dismissal of any case that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an IFP complaint that fails to state a claim).

ORDER DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE, GRANTING PLAINTIFF LEAVE TO AMEND, AND RENOTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS - 2

Unless it is clear a *pro se* plaintiff cannot cure the deficiencies of a complaint, the Court will provide the *pro se* plaintiff with an opportunity to amend the complaint to state a plausible claim. *See United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment.").

Here, Plaintiff's Proposed Complaint suffers from deficiencies requiring dismissal if not corrected in an amended complaint. In the Proposed Complaint, Plaintiff states this Court has jurisdiction over this case through diversity jurisdiction. Dkt. 1-1, p. 4. "The district courts shall have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, . . . and is between citizens of different states[.]" 28 U.S.C. § 1332(a). Diversity jurisdiction requires complete diversity of citizenship, *i.e.*, that every plaintiff be a citizen of a different state from every defendant. *Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)).

Here, Plaintiff has failed to allege complete diversity. Plaintiff alleges he is a resident of California. Dkt. 1-1, p. 2. He alleges Defendants Upshaw and Patterson are residents of Washington State and he alleges Defendant Upshaw Performance Systems, Inc. is a corporation located in Washington State. *Id*. However, Plaintiff also states Defendant HPA Mortgage, LLC is a California LLC. *Id*. Plaintiff and Defendant HPA Mortgage, LLC are both citizens of California. As Plaintiff and one Defendant are citizens of the same state, there is not complete diversity and this Court lacks jurisdiction to hear this case.

The Court also notes it is unclear if venue is proper in the Western District of Washington. The Proposed Complaint fails to adequately show the claims in the Proposed Complaint are properly heard in the Western District of Washington beyond three Defendants

ORDER DISMISSING PLAINTIFF'S COMPLAINT
WITHOUT PREJUDICE, GRANTING PLAINTIFF
LEAVE TO AMEND, AND RENOTING
PLAINTIFF'S MOTION TO PROCEED IN FORMA
PAUPERIS - 3

being located in this district. If Plaintiff determines venue is not proper in the Western District of Washington, he may voluntarily dismiss this case.

### III. Instructions to Plaintiff and the Clerk

Due to the deficiencies described above, the Court finds it lacks jurisdiction to hear this case. Therefore, the Court dismisses Plaintiff's Proposed Complaint without prejudice. If Plaintiff intends to pursue this action, he must file an amended complaint on or before July 31, 2020. The amended complaint will act as a complete substitute for any previously filed complaint, and not as a supplement. If Plaintiff fails to file an amended complaint or otherwise respond, the undersigned will recommend that the Application to Proceed IFP be denied and that the case be closed.

If Plaintiff submits an adequate complaint, the Court will consider the Application to Proceed IFP. The Clerk is directed to re-note the Application to Proceed IFP (Dkt. 4) for consideration on July 31, 2020.

Dated this 25th day of June, 2020.

David W. Christel
United States Magistrate Judge

ORDER DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE, GRANTING PLAINTIFF LEAVE TO AMEND, AND RENOTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS - 4